**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3177
_____

IN RE: CALEB L. MCGILLVARY,
                                                Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to 1:22-cv-04185)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 19, 2024
Before: RESTREPO, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: February 21, 2025)
_____

OPINION[*]
_____

PER CURIAM

In June 2022, Petitioner Caleb McGillvary filed a petition with the District Court

for a writ of habeas corpus under 28 U.S.C. § 2254. On March 30, 2023, the State filed

its answer. On May 15, 2023, McGillvary filed a reply to the State's answer. He also

filed a motion for summary judgment, which the State opposed. On August 15, 2023, in

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

a text order, the District Court denied the motion for summary judgment as improperly filed.  See D.Ct. ECF No. 25 (citing cases).

Thereafter, McGillvary petitioned for a writ of mandamus, asking this Court to compel the District Court to rule on the merits of his motion for summary judgment.  We denied the petition, noting that McGillvary's "dispute is more akin to one concerning the District Court's case management, which is a matter of its discretion, and not a basis for mandamus relief."  In re McGillvary, Nos. 23-2660, 23-2820 (3d Cir. Nov. 28, 2023) (citations omitted).

In July 2024, pursuant to 28 U.S.C. § 292(b), McGillvary's pending habeas petition was transferred to an out-of-district judge for disposition.  See D.Ct. ECF No. 40.  McGillvary filed a new motion for summary judgment, see D.Ct. ECF No. 44, which was referred to a magistrate judge for appropriate further action, including the issuance of a report and recommendation, see D.Ct. ECF No. 45.  The State once again opposed the motion for summary judgment.  On November 5, 2024, the Magistrate Judge issued a report recommending that McGillvary's habeas petition be denied.  See D.Ct. ECF No. 55.

McGillvary filed written objections to the report and recommendation.   Among other arguments, McGillvary complained that the report and recommendation "ignores the allegations in the reply and undisputed facts in the summary judgment motion, which entitle Petitioner to habeas relief,"  D.Ct. ECF No. 58 at 4, and "erroneously denies the summary judgment motion as duplicative," id. at 11.  Those objections remain pending before the District Court.

On November 14, 2024, the same date that McGillvary executed his written objections to the report and recommendation, he also executed a writ of mandamus to this Court. See 3d Cir. ECF No. 1. Although his objections were pending, McGillvary complains that the "District Court obstinately refuses to adjudicate the allegations contained in the Habeas Traverse and Reply as a pleading." 3d Cir. ECF No. 1 at 9. He asks this Court to "issue the writ of mandamus and order the U.S. District Court for the District of New Jersey to recognize the traverse and reply as a pleading, and give the allegations within it and the Statement of Material Facts not in Dispute filed in ECF 44 due consideration and adjudicate the merits thereof." Id. at 22.

A writ of mandamus will issue only in extraordinary circumstances. See Sporck v. Pei, 759 F.2d 312, 314 (3d Cir. 1985). McGillvary must show that he has a clear and indisputable right to the relief sought, and that a writ of mandamus from this Court is the only available remedy. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 403 (1976).

McGillvary has failed to make such a showing. As McGillvary has raised similar concerns in his pending objections to the report and recommendation, he clearly has a remedy available through the District Court. Further, as this Court has previously explained to McGillvary, his allegations regarding the District Court's handling of his filings concern the District Court's case management, which is a matter of its discretion, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and not a basis for

3

mandamus relief, see Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (per curiam).   Accordingly, we will deny the petition for a writ of mandamus.[1]

---

[1] McGillvary's multiple motions for relief pursuant to Rule 27(c) of the Federal Rules of Appellate Procedure are denied.